# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 14 B 25593 |
| **PAULA R BALL** | ) Chapter 13 |
| Debtor. | ) Hon. Carol A. Doyle |

## DISCLOSURE OF FEE AGREEMENT FOR LITIGATION SERVICES

Pursuant to 11 U.S.C. § 329(a), Fed. R. Bankr. P. 2016(b), and Local Bankruptcy Rule 2016-1, Rusty Payton and PaytonDann, submit this disclosure of that certain written Fee Agreement for Litigation Services (the "Retention Agreement") entered into post-petition between the Debtor and counsel.

In the bankruptcy case one or more creditors have filed a proof or proofs of claim which Debtor has reason to believe may be unenforceable by reason of the expiration of Illinois' statute of limitations, or otherwise improper. It is the Debtor's position that these creditors may be liable for violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and/or subject to sanction by the Court pursuant to Section 105 and Bankruptcy Rule 9011. Pursuant to the FDCPA, the Debtor's estate may be entitled to recover damages, including statutory damages of $1,000, for each violation of the FDCPA. Additionally, there may be a basis to object to any such claim. The Debtor desires to pursue the claims on behalf of the chapter 13 estate against the creditor(s) by retaining counsel to investigate all claims filed, to negotiate or otherwise seek to resolve the Debtor's claims, and if required, by filing and litigating an adversary proceeding.

Pursuant to the Retention Agreement, Debtor has agreed to pay a fee equal to the actual fees incurred by counsel and awarded by the Court pursuant to the fee shifting provisions of the FDCPA.[1]  If there is no recovery on the adversary claims, there will be no fee paid.  Counsel's fee, if any, shall be paid by the adversary defendant in the event that there is a recovery and not from funds of the estate.

---

[1] 11 U.S.C. § 1692k(a)(3).

No portion of the fees to be paid to counsel shall be shared or split with any other person (including any other attorney). PaytonDann has received no compensation from or on behalf of the Debtor prior to this disclosure.

Counsel will provide general representation of the Debtor in the investigation and resolution through negotiation or prosecution of all claims and will perform all legal services which may become necessary. Upon resolution of any claim or the conclusion of any adversary proceeding, counsel shall file an appropriate motion to compromise pursuant to Bankruptcy Rule 9019. The central legal services contemplated by the Retention Agreement fall outside of the services included in the Court's Court Approved Retention Agreement.

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to counsel for representation of Debtor in the litigation matters contemplated by the Retention Agreement.


By: /s/ Rusty A. Payton

**One Debtor's Attorneys**


Rusty A. Payton
PaytonDann Attorneys
161 N Clark St, Suite 4700
Chicago, Illinois 60601

312-702-1000 [Ph. and Fax]
Email: payton@paytondann.com

# CERTIFICATE OF SERVICE

     I, the undersigned, an attorney, hereby state that pursuant to the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing **DISCLOSURE OF FEE AGREEMENT FOR LITIGATION SERVICES** to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants, and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on July 15, 2015.


                                         /s/ Rusty A. Payton


## SERVICE LIST

| Registrants Served Through the Court's Electronic Notice for Registrants: | Parties Served by U.S. Mail: |
|---|---|
| Patrick Layng<br>United States Trustee<br>219 S. Dearborn St., Ste. 873<br>Chicago, IL 60604<br><br>Tom Vaughn<br>Chapter 13 Trustee<br>55 E. Monroe St., Ste. 3850<br>Chicago, IL 60603 | None |